Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DIVISION OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEDRA STRICKLAND,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF WASHINGTON SEATTLE CENTRAL COLLEGE, an educational institution; SHEILA EDWARDS LANGE and "JOHN DOE" LANGE, in her individual, and official capacities and their marital community; DAVID BLAKE, in his individual and official capacities; YOSHIKO HARDEN, in her individual and official capacities; CHRISTINA NELSON and "JOHN DOE" NELSON, in her individual and official capacities and their marital community; SUSAN ENGEL and "JOHN DOE" ENGEL, in her individual and official capacities and their marital community; JESSICA NOROUZI, in her individual and official capacities; BRIGID MCDEVITT and "JOHN DOE" MCDEVITT, in her individual and official capacities and their marital community; BRIAN KENNEY, in his individual and official capacities; DAVID SKOGERBOE and "JANE DOE" SKOGERBOE, in his individual and official capacities and their marital community; JOHN DOES 1 – 10; JANE DOES 1 – 10;<br><br>　　　　Defendants. | No. _____<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. RACE DISCRIMINATION in Violation of Title VII, 42 U.S.C. § 2000e *et seq*; RCW 49.60 *et seq*; and/or Hostile Working Environment Against the State Only<br><br>2. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1981 *et seq* 1981a Against All Individuals<br><br>3. SEX DISCRIMINATION in Violation of Title VII, 42 U.S.C. § 2000e *et seq*; and/or RCW 49.60 *et seq* Against All Defendants; Sex and/or Hostile Working Environment Against All Defendants<br><br>4. AGE DISCRIMINATION in Violation of the ADEA 29 U.S.C. § 621 *et seq*; and/or RCW 49.60 *et seq*; and/or Hostile Working Environment Against All Defendants<br><br>5. RETALIATION in Violation of RCW 49.60 *et seq* and/or Hostile Working Environment Against All Defendants |

BEVERLY GRANT LAW FIRM, P.S.
3929 Bridgeport Way W., Ste. 208
University Place, WA 98466

COMES NOW, Plaintiff, by and through her attorneys of record, Beverly Grant and Elizabeth Lunde, of the Beverly Grant Law Firm, P.S., alleges as follows and submits the following Complaint for Damages.

## I. PARTIES

1.1     Plaintiff, Dedra Strickland, at all times material hereto, was above the age of majority and a resident of Pierce County, Washington.

1.2     Defendant State of Washington Seattle Central College (hereinafter "Defendant College") at all times material hereto, is a state educational institution located in the Western District of Washington.

1.3     Defendant, Sheila Edwards Lange (hereinafter "Defendant Lange"), at all times material hereto, was a resident of King County, Washington.  She was the President of Seattle College where Plaintiff worked.  All acts performed by Sheila Edwards Lange were performed on behalf of Defendant State in her individual and official capacities and on behalf of her marital community with "John Doe" Lange.

1.4     Defendant, David Blake (hereinafter "Defendant Blake"), at all times material hereto, was a resident of King County, Washington.  He was the Vice Chancellor and Chief Human Resources Officer where Plaintiff worked.  All acts performed by David Blake were performed on behalf of Defendant State in his individual and official capacities.

1.5     Defendant, Yoshiko Harden (hereinafter "Defendant Harden"), at all times material hereto, was a resident of King County, Washington.  Yoshiko Harden is Vice President of Student Services.  All acts performed by Yoshiko Harden were performed on behalf of Defendant State in her individual and official capacities.

1.6     Defendant, Christina Nelson (hereinafter "Defendant Nelson"), at all times material hereto, was a resident of King County, Washington.  Christina Nelson worked as Director of Human Resources.  All acts performed by Christina Nelson were performed on behalf of Defendant College in her individual and official capacities and on behalf of her marital community with "John Doe" Nelson.

1.7     Defendant, Susan Engel (hereinafter "Defendant Engel"), at all times material hereto, was and a resident King County, Washington.  Susan Engel is Director of Human Resources at the District level.  All acts performed by Susan Engel were performed on behalf of Defendant College in her individual and official capacities and on behalf of her marital community with "John Doe" Engel.

1.8     Defendant, Jessica Norouzi (hereinafter "Defendant Norouzi"), at all times material hereto, was a resident of King County, Washington.  Jessica Norouzi served as the Interim Executive Director of the Seattle Central College Foundation.  All acts performed by Jessica Norouzi were performed on behalf of Defendant College in her individual and official capacities.

1.9     Defendant, Brigid McDevitt (hereinafter "Defendant McDevitt"), at all times material hereto, was above the age of majority and a resident of Skagit County, Washington.  Brigid McDevitt is Dean of Student Resources.  All acts performed by Brigid McDevitt were performed on behalf of Defendant College in her individual and official capacities and on behalf of her marital community with "John Doe" McDevitt.

1.10    Defendant, Brian Kenney (hereinafter "Defendant Kenney"), at all times material hereto, was above the age of majority and a resident of King County, Washington.

BEVERLY GRANT LAW FIRM, P.S.
3929 Bridgeport Way W., Ste. 208
University Place, WA 98466

All acts performed by Brian Kenney were performed on behalf of Defendant College in his individual, marital and official capacities.

1.11   Defendant, David Skogerboe (hereinafter "Defendant Skogerboe"), at all times material hereto, was above the age of majority and a resident of King County, Washington. He was the Career Services Support Supervisor I where Plaintiff worked.  All acts performed by David Skogerboe were performed on behalf of Defendant State in his individual and official capacities and on behalf of his marital community with "Jane Doe" Skogerboe.

1.12   Defendant, John Does 1 – 10, at all times material hereto, are individuals unknown at this time.  All acts performed by John Does 1 - 10 were performed on behalf of Defendant Seattle Central College in their individual, marital and official capacities.  Plaintiff reserves the right to amend her Complaint to add additional parties should it become necessary.

1.13   Defendant, Jane Does 1 – 10, at all times material hereto, are individuals unknown at this time.  All acts performed by Jane Does 1 - 10 were performed on behalf of Defendant Seattle Central College in their individual, marital and official capacities.  Plaintiff reserves the right to amend her Complaint to add additional parties should it become necessary.

II.   **JURISDICTION AND VENUE**

2.1   Jurisdiction and venue are proper in the United States District Court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*; 42 U.S.C. § 1981; 42 U.S.C. § 1983, 42 U.S.C. §1985 and 29 U.S.C. § 626(d) *et seq* age discrimination.

2.2    Jurisdiction is also invoked in that the Defendant Seattle Central College receives Federal and State contracts for the services it provides to its citizens and government. One of the key conditions of its receiving Federal and State contracts, is that it will not discriminate because of one's age, race, sex, etc. under the Office of Federal Contract Compliance.  Federal Acquisition Regulation (FAR), published at Title 48 if the Code of Federal Regulations (CFR).

2.3    This court has subject matter jurisdiction over the facts alleged herein as well as pendent jurisdiction pursuant to RCW 49.60 *et seq*; RCW 4.12.025 as Defendant College is in Seattle, Washington, which is located in the Western District of Washington at Seattle.

2.4    The majority of the individual Defendants reside in King County and all acts complained herein occurred in the Western District of Washington.

<u>Administrative Exhaustion of Remedies</u>

2.5    Pursuant to RCW 4.92.100, Plaintiff filed Tort Claims for Damages on February 11, 2018 March 27, 2018 and May 3, 2018.  Acknowledgements by the Defendants for said Tort Claims were received on May 3, 2018 and June 6, 2018 respectively.

2.6    More than sixty (60) days have elapsed since Plaintiff's claims were presented, as required by RCW 4.92.110 and Plaintiff now brings this lawsuit.

2.7    On March 6, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (charge #551-2017-00589) and received Notice of Right to Sue from the EEOC on or about April 26, 2018.  On April 19, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (charge #551-2018-01836) and received Notice of Right to Sue from the EEOC on or about April 23, 2018.

### III. NATURE OF THE CASE

3.1 Plaintiff, an African American female, who at the initial time of these incidents was over forty (40) years of age. She sought promotional advancement by being placed in the interim position for Career Services Support Supervisor I. However, she was denied this opportunity. Plaintiff requested the opportunity to apply for the Interim position, but was told she could not. She brings these causes of action, age, race, sex discrimination, retaliation, hostile work environment and violation of her civil rights, against her former employer, Defendant College.

3.2 Plaintiff worked with individual Defendants named herein who she alleges discriminated and retaliated against her in the terms and conditions of her employment and made her work so intolerable that their actions adversely impacted Plaintiff's health and well-being.

3.3 Plaintiff's job duties and responsibilities as a Center Program Coordinator were: "one on one assistance to students in resume and cover letter writing; interview preparation; mock interviews and job searches; coordinated the compilation, preparation and reporting of statistical reports regarding operations; performed appropriate data collection on successful placement of job candidates into career areas; maintained job listings and help students with computer assisted applications and job search; organized and coordinated yearly career fair and weekly campus visits by recruiters and established and maintained contact with employers for purposes of on campus recruiting and exposure to Seattle Central students."

3.4 Plaintiff has a dual Masters in Public Administration and Business Administration (MPA and MBA), Bachelors in Science (B.S.) in Business Administration with an emphasis in Management and numerous certifications, e.g. certification to administer

the Myers-Briggs assessment, Dependable Strengths assessment, EEOC certificate and has received trainings that qualified her for the Career Services Supervisor I.

### IV.   GENERAL FACTS

Plaintiff adopts the preceding paragraphs by reference as though fully alleged and further states the following facts:

4.1   This action is brought by Plaintiff as a result of the Defendants' continued discriminatory acts towards Plaintiff on the basis of her age, race, sex, retaliation and various civil rights violations.

4.2   Plaintiff sought promotional advancement to the Career Services Support Supervisor I position, but was denied the opportunity to fill that position based on discriminatory practices, even though she had served in its interim capacity.

4.3   Plaintiff claims that as a result of the Defendants' discriminatory practices and failure to follow their own standard operating procedures that her health was adversely impacted.

### V.   CAUSES OF ACTION

**1.   RACE DISCRIMINATION in Violation of Title VII, 42 U.S.C. § 2000e *et seq*; RCW 49.60 *et seq*; and/or Hostile Working Environment Against the State Only**

Plaintiff adopts the preceding paragraphs by reference as though fully alleged and further states the following facts:

5.1   Plaintiff is an African American female who was employed by the Defendant College from April 2008 until February 2018.  She worked in the capacities of Career Services Center as a Program Coordinator.

5.2     Defendant College had a Program Assistant position in June 2015 that was not fully funded and as such, was designated as a part time position.  This position was filled by a person with low level English skills, which caused communication problems with students, faculty and Plaintiff.

5.3     As a result of the Program Assistant resigning from her position, Defendant College changed this position to be filled by a work study student and part time hourly.  As a result of this position being changed, it presented a safety problem because the front desk was not always covered with a person acting as gatekeeper.

5.4     Plaintiff became increasingly concerned for her welfare and that of the students' safety.  She filed a grievance about the Program Assistant hours being reduced and her concerns about safety and workload.  As a result of her concern, the position of Program Assistant resulted in being filled by a part-time hourly person into the position.  Defendant College initially attempted to put in two (2) work-study positions but were told that this would violate the Collective Bargaining Agreement.  Defendant College refused to restore the position to full time in spite of serious safety concerns and rebuked the recommendation to hire a full time employee, although the union recommended it in February 2016.

5.5     Initially Plaintiff brought complaints about the racism and working environment to the attention of Defendant McDevitt.  There were two (2) hiring committees that were being put together by Defendant Skogerboe prior to his resignation.  Defendant McDevitt dismantled Defendant Skogerboe's committee and then formed another committee.

BEVERLY GRANT LAW FIRM, P.S.
3929 Bridgeport Way W., Ste. 208
University Place, WA 98466

5.6     Plaintiff complained to Defendant Blake about the second committee about them hiring Defendant Kenney.  Defendant Blake performed an investigation and found that there was no wrongdoing on the part of the hiring committee.

5.7     The work environment became increasingly unsafe due to the lack of coordinating work student and part time hourly schedules.

5.8     There were incidents where drug needles were all over floor and patrons bleeding profusely on the computer keyboard.

5.9     Defendant Skogerboe, a Caucasian male, was eventually hired as the Career Services Center Support Supervisor I.  He had no experience in working in Employment Services.  He had a Bachelor Degree in History, which was not relevant to his position as he had no business knowledge, which was required for this position.

5.10    In the meantime, during 2016, Plaintiff's workload steadily increased without proper coverage or assistance.  In May 2016 a part time hourly employee resigned and the work study student's hours were extended for an additional month to cover some of the front desk duties.

5.11    In June 2016, even though there was an active recruitment for a Program Assistant for the front desk, Defendant Skogerboe initially refused to hire a capable African American female who was part time, but possessed several years of experience working in various departments as a work study student and later as a part time hourly.  Eventually, this person was hired.

5.12   In late July 2016, Defendant Skogerboe started interviewing for another positon.  A few days later, Defendant Skogerboe submitted his resignation and announced that he was leaving on August, 17, 2016.

5.13   His leaving greatly impacted Plaintiff as she had not had a job evaluation in four (4) years.  The union told Defendant College that it was mandatory that they conduct a job performance review on Plaintiff considering so much time had elapsed.

5.14   On August 11, 2016, the day before Defendant Skogerboe left for his new position, Plaintiff received a favorable job performance review.

5.14   Defendant Kenney is a friend of the hiring chairperson, Defendant Norouzi. The selected candidate used Defendant Norouzi as a way to get the job to move from California back to Washington State.  Defendant Norouzi stated, "I worked with Brian for 3.5 years and during that time I was continuously impressed with his diverse skillset in program, etc." Currently covering all duties within the scope of what Plaintiff believes to be within her job description, but trained on all aspects of running center by previous supervisor.  Plaintiff believes that she was not selected for the Career Services Supervisor I position because of her race.

2.   **SEX DISCRIMINATION in violation of Title VII, 42 U.S.C. § 2000e *et seq*; and/or RCW 49.60 *et seq* against all defendants; sex and/or hostile working environment against all defendants**

Plaintiff adopts the preceding paragraphs by reference as though fully alleged and further states the following facts:

5.16   On January 6, 2017, Plaintiff received a mysterious DVD titled "M*en in Grief*" via interoffice mail.  Plaintiff did not view the video, but from what she could gather, the DVD was about

white men grieving.  When she spoke with head of the library, the librarian would not disclose who sent the DVD, but told Plaintiff that the library staff would monitor her account.

5.16    Plaintiff received an email on December 9, 2016 informing her that she was not chosen for the Career Services Supervisor I position and that a male, Defendant Kenney, was chosen.  She was informed by Defendant McDevitt that there were a lot of good qualified applicants.

5.17    Plaintiff looked up the chosen applicant, Brian Kenney's profile.  He is a Caucasian male, used to work for year-up, with no community college experience, with previously employment with Starbucks and in the wellness and sports industries.

5.19    Plaintiff believes that she was not selected for the Career Services Supervisor I position because of her sex.

**3.    AGE DISCRIMINATION in violation of the ADEA 29 U.S.C. § 621 *et seq*; and/or RCW 49.60 *et seq*; and/or hostile working environment against all defendants**

Plaintiff adopts the preceding paragraphs by reference as though fully alleged and further states the following facts:

5.20    Plaintiff is over the age of forty (40).  She has sought a job advancement to the Career Services Supervisor I position, but was denied the opportunity to be interviewed. Plaintiff asserts upon information and belief that her younger counterpart, Defendant Kenney, "John Doe" 1 and "Jane Doe" 1 were afforded career opportunities that she was not because of her age.

5.21   Plaintiff actively sought to be appointed as an interim Career Services Supervisor I from the Dean of Student Resources, Defendant McDevitt, since she had been doing the job in his absence.

5.22   Plaintiff trained David Skogerboe, who was her supervisor, even though they were both considered classified staff.

5.23   Brian Kenney is Caucasian and was thirty-seven (37) years of age when he commenced employment with the Defendant College.

5.24   Caucasian employees, Defendant Brian Kenney and David Skogerboe were treated more favorably than Plaintiff in that they were given preferable assignments, treatment, granted training requests, and were not disciplined for improper behavior. Plaintiff was scrutinized more by management unlike her supervisors.

4.   **VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1981 and/or 1981a Against All Individuals**

Plaintiff adopts the preceding paragraphs by reference as though fully alleged and further states the following facts:

5.25   Plaintiff has not been afforded equal rights under the law as her white counterparts.

5.26   Plaintiff was deprived rights caused by racial discrimination under which similar circumstances would have been accorded to a person of a different race.

5.27   Defendants purposefully intended to discriminate against Plaintiff.

**5.     RETALIATION in Violation of RCW 49.60 *et seq* and/or Hostile Working Environment Against All Defendants**

Plaintiff adopts the preceding paragraphs by reference as though fully alleged and further states the following facts:

Plaintiff claims that she has been subjected to a barrage of continuous retaliation on an ongoing basis. These actions include, but are not limited to the following:

5.26    Plaintiff asserts that as a result of her complaining about the discriminatory and retaliatory actions and complaints to HR, Defendant Christina Nelson, Defendant Sheila Edwards Lange, David Blake (VP of HR and Vice-Chancellor) Plaintiff suffered the following acts:

   a) Denial of adequate staff/resources to perform her duties;
   b) Frequent staff changes and denied support;
   c) Frequent undesirable office and schedule changes; and
   d) Supervisor refused to sign meaningful work.

5.28    When Plaintiff reported her unsafe work environment concerns, Plaintiff was denied promotion opportunities by Defendant Nelson. Plaintiff was Defendant Kenney's supervisor and made the final decision in giving the position to Defendant Kenney.

5.27    During the week that David Skogerboe was out of the office for training in February 2016, an incident arose with the part-time hourly employee who left post to go on break without informing Plaintiff while she was in her office working with a student with her door closed. Students knocked on Plaintiff's door to inform her that the Program Assistant was not at the front desk to assist them. Upon the Program Assistant returning from break, Plaintiff inquired into why she left her post without letting Plaintiff know, to which the Program Assistant replied that David is not in and that is who she reports to. Plaintiff

1 reminded the Program Assistant that she has seniority when David is out of the office and that

2 it is Plaintiff's responsibility to make sure the office and business setting is safe for students

3 and staff.  Plaintiff received a reprimanding phone call the next morning via voice mail from

4 David stating that Plaintiff was bad per part-time hourly employee.  Plaintiff's position as

5 Senior Program Coordinator was undermined and this was implied because she is African

6 American.

7        5.28    Defendant McDevitt was reprimanded by the union for holding a staff meeting

8 on August 17, 2016 in the presence of patrons where Plaintiff was humiliated and told by

9 Defendant McDevitt that she would not approve hiring Plaintiff as interim supervisor.

10 Defendant McDevitt was instructed by the union to get additional managerial training and

11 write a letter of apology to Plaintiff, which she did not do.  When the union followed up with

12 Defendant McDevitt with regards to her receiving additional training and sending a letter of

13 apology to Plaintiff.

14        5.29    Plaintiff was bullied and harassed about signing a job description that had not

15 been reviewed by the union.  Prior to the meeting, job description was discussed with David

16 Blake, V.P. – Human Resources and Plaintiff was told by Defendant McDevitt that the job

17 description was finalized and signed off on by her and the human resources manager.

18 However, it was not reviewed by the union or executed by Plaintiff, although she was

19 informed that the job description must be completed and signed by November 18, 2016.

20 Plaintiff was asked again by Defendant McDevitt, Ms. Woodley and David Blake to assist

21 them with building a job description as there was a lot of deficiencies in the one emailed to

22 Plaintiff previously.  No educational requirements/physical/psychological requirements were

listed.  Plaintiff's former last name was on the paperwork, not her current name of Strickland.  Plaintiff had a conversation with the union, Defendant McDevitt and David Blake, V.P. - Student Services about seeking legal advice.

5.30   December 9, 2016 Defendant Kenney starts the job.  Plaintiff expressed to Defendant McDevitt that she would not train Defendant Kenney because she was had been performing the supervisor duties while the position remained vacate and if Plaintiff was capable of training Defendant Kenney that meant that she was qualified for the position.  Plaintiff did not get the position because of retaliation due to the filing of earlier complaints with the union.

5.31   On March 27, 2017, David Blake, V.P. of Human Resources notified Defendant Norouzi, the chairperson of the hiring committee for the Career Services Supervisor I position that during a telephone conversation, he told Claude Burfect that Plaintiff was not qualified for the position.

5.32   March 28 and March 29, 2017, Plaintiff was retaliated against by Defendant McDevitt ignoring her proposed monthly newsletter for April.

5.33   The day of Defendant College's career fair, April 21, 2017, Plaintiff was responsible for and performed all duties solely pertaining to Defendant College's annual career fair.  Defendant Kenney was on medical leave and the part time job developer, Mark Gordon, was asked to assist, but he took vacation two (2) weeks prior to the career fair and called in sick the day of and the day after the career fair, which was approved by Defendant McDevitt.  Plaintiff expressed to Defendant McDevitt that she was solely responsible for the career fair, but nothing was done.  Participants and students expressed to Plaintiff, and

1  Defendant McDevitt that they were pleased with all employers and the turnout.  Defendant
2  McDevitt sent an email to Plaintiff telling her that she did a good job.  Plaintiff forwarded the
3  email to the administration and the union requesting back pay for the time the position was
4  unfilled to present.  David Blake immediately responded with, "Were you asked to do all of
5  the duties for the career fair?"  To which Plaintiff responded, "Had I not completed all of the
6  duties, the career fair would not have happened and had I not performed the duties, I would
7  have been reprimanded."  Initially, back pay was denied, but granted for August 2016 through
8  January 2017, but not for March 2017 through July 2017 during the time that Defendant
9  Kenney was on medical leave.

10    5.34   The week of August 7 through August 14, 2017, Plaintiff was approached by
11  Defendant Nelson about setting up an appointment to go over the calculation of Plaintiff's
12  back pay, which Plaintiff did not agree with.  Defendant Nelson asked Plaintiff what her
13  career goals were and Plaintiff answered that she had aspirations of going back to school to
14  get a doctorate in psychology.  Plaintiff's current position is excellent preparation for the field
15  of psychology.  On August 14, 2017, Plaintiff received an email from Defendant Nelson of a
16  job outside of the Defendant College to apply for.  Plaintiff responded by informing
17  Defendant Nelson that it was not necessary, making Plaintiff feel as though Defendant Nelson
18  is trying to push her out of her current position although she possesses over eighteen (18)
19  years of experience in the state college system.  Defendant Kenney had no college experience,
20  but was hired although the job announcement required college experience.

21    5.38   After four and a half (4½) months of being off work, Defendant Kenney returned to his full
22  time position on July 12, 2017, but with a schedule of Monday through Thursday for four (4)

hours/day and Friday for three (3) hours/day. Defendant Kenney was Career Support Supervisor I. Plaintiff brought the fact that this is a full time position with a person working part time in this position to the attention of Defendant Nelson.

5.35   October 12, 2017 Defendant Kenney filed a hostile work environment against Plaintiff prior to exiting his employment from Defendant College.

## VI.   RELIEF REQUESTED

6.1   Past and future special damages as proven at trial, including interest on all liquidated damages.

6.2   Past and future general damages as proven at trial.

6.3   Costs, including filing fees, service of process, statutory attorney fees and taxable costs.

6.4   Such other relief as the Court deems proper.

DATED this 20th day of July 2018.

          Beverly Grant Law Firm, P.S.

          By: _/s/ Beverly Grant_
              Beverly Grant, WSBA No. 8034
              Attorneys for Plaintiff

          By: _/s/ Elizabeth Lunde_
              Elizabeth Lunde, WSBA No. 51565
              Attorneys for Plaintiff